IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| R.R.C.,[1] : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | Case No. 4:25-cv-525-CDL-CHW |
| : | 28 U.S.C. § 2241 |
| Warden, STEWART DETENTION : | |
| CENTER, *et al.*,[2] : | |
| : | |
| Respondents. : | |

## ORDER TO SHOW CAUSE

The Court received Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241 on December 30, 2025. (ECF No. 1).  This case appears to involve the same issue raised in *J.A.M. v. Streeval*, No. 4:25-CV-342-CDL, 2025 WL 3050094 (M.D. Ga. Nov. 1, 2025), concerning whether the petitioner is properly detained under 8 U.S.C. § 1225(b)(2) or 8 U.S.C. § 1226(a).  In light of that decision, Respondents are directed to show cause within seven (7) days as to why Petitioner's application for habeas relief should not be granted. Petitioner may file a reply within three (3) days of Respondents' response to this Order.

Because the Court is entering this Order but imposing different deadlines than

---

[1] Petioner's motion to proceed under a pseudonym (ECF No. 4), or here Petitioner's initials, is **GRANTED.**

[2] [T]he default rule [for claims under 28 U.S.C. § 2241] is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official*." Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (citations omitted). The Clerk's office is **DIRECTED** to change the docket to reflect the Warden of Stewart Detention Center as the sole appropriately named respondent in this action.

requested, Petitioner's motion for an order to show cause (ECF No. 3) is **GRANTED in part** and **DENIED in part.**

**SO ORDERED**, this 31st day of December, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
