IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| R.R.C., *et al.*, | * | |
| Petitioners, | * | |
| vs. | * | LEAD CASE NO. 4:25-CV-525 |
| WARDEN, STEWART DETENTION DENTER, *et al.*, | * | |
| | * | |
| Respondents. | * | |

O R D E R

The Court previously granted Petitioners' motion for discovery to the extent that Petitioners may engage in limited and targeted discovery on their claim that Respondents have systematically denied Petitioners a meaningful opportunity for release on bond even after a district judge has concluded that each Petitioner's detention is not mandatory under the law. *See* Order (Mar. 16, 2026), ECF No. 28. The Court stated that if Respondents claim that a legal privilege exists protecting against the disclosure of any requested evidence, Respondents should submit a privilege log. And if Petitioners object to any privilege designation, Petitioners should file a motion to compel stating the legal grounds for challenging the privilege designation. *Id.* at 10; *accord* Text Order (Aug. 14, 2026), ECF No. 43.

Respondents object to producing four email chains based on work product privilege and the deliberative process privilege.

Those documents have Bates numbers USA_000006, USA_0000174, USA_0000205-USA_0000206, USA_0000207-0000208, and USA_0000303-0000304. Respondents submitted a privilege log showing that these emails are between immigration judges and leaders of the Department of Justice's Executive Office for Immigration Review. Respondents represent that the emails are deliberation and/or legal advice on how EOIR will comply with certain district court orders. Respondents submitted the emails for *in camera* review.

As Petitioners recognize, the deliberative process privilege protects pre-decisional and deliberative documents from discovery "to allow agencies to freely explore possibilities, engage in internal debates, or play devil's advocate without fear of public scrutiny." *Moye, O'Brien, O'Rourke, Hogan, & Pickert v. Nat'l R.R. Passenger Corp.*, 376 F.3d 1270, 1277 (11th Cir. 2004). If, however, "either the Constitution or a statute makes the nature of governmental officials' deliberations *the* issue," then the privilege does not apply. *In re Subpoena Duces Tecum Served on Off. of Comptroller of Currency*, 145 F.3d 1422, 1424 (D.C. Cir.), *on reh'g in part*, 156 F.3d 1279 (D.C. Cir. 1998). Even when the privilege does apply, it can be overcome on a showing of good cause, considering factors that include the relevance of the evidence. *Id.*

The Court has reviewed the disputed documents that Respondents submitted for *in camera* review. Based on the Court's

review, the documents do not relate to Petitioners' claims in this case and are not probative of the specific issues raised by Petitioners' motions to enforce judgment. The documents are thus protected by the deliberative process privilege, and good cause does not exist to overcome the privilege. Accordingly, the Court denies Petitioners' present motion to compel (ECF No. 45).

IT IS SO ORDERED, this 7th day of October, 2026.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA