IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

R.R.C., *et al.*, *

Petitioners, *

vs. * LEAD CASE NO. 4:25-CV-525

WARDEN, STEWART DETENTION DENTER, *et al.*, *

Respondents. *

O R D E R

The Court previously granted Petitioners' motion for discovery to the extent that Petitioners may engage in limited and targeted discovery on their claim that Respondents have systematically denied Petitioners a meaningful opportunity for release on bond even after a district judge has concluded that each Petitioner's detention is not mandatory under the law. *See* Order (Mar. 16, 2026), ECF No. 28. In particular, the Court permitted Petitioners to seek production of documents in which any employee, agent, or official of Respondents "describes policy and/or guidance regarding bond decisions for aliens who are arrested pending removal that was different from the policy and/or guidance that existed during the calendar year 2024. This discovery request seeks any information that shows any change in Executive Branch policy and/or guidance regarding bond decisions,

which change occurred after the current administration took office." *Id.* at 9-10.

Under the scheduling order, the parties were supposed to agree to search terms and custodians so that Respondents could search their records for responsive documents. But they could not agree. Instead, Respondents ran searches for seven custodians within the Department of Homeland Security's Executive Office of Immigration Review ("EOIR") using their own suggested search terms, ignoring the many additional search terms and custodians proposed by Petitioners. Petitioners filed a motion to compel, arguing that Respondents should be required to do additional searches.

Much water has passed under the bridge since the Court entered its order allowing for this arguably unique discovery. Since the entry of that order, the Eleventh Circuit Court of Appeals has confirmed this Court's rationale regarding mandatory detention issues. *Hernandez Alvarez v. Warden*, 175 F.4th 1258, 1285 (11th Cir. 2026). It has been this Court's experience that Immigration Judges are holding bond hearings in those cases covered by *Hernandez Alvarez*, and this Court is aware that bond is not being denied in every case. The Court thus has concerns whether the scope of discovery originally ordered, even though relatively narrow, is even necessary in light of the developments since the issuance of the Court's order. This discovery was not ordered to provide ammunition for some type of political debate. It was

ordered because the Court thought it may be relevant to Petitioners' claims for habeas corpus relief. If those claims have lost their plausibility or Petitioners have made no progress in obtaining any evidence that supports the claims thus far, the remedy is not to continue to expand the discovery.

The Court finds it appropriate at this point to reevaluate the viability of those claims to assess the need for compelling any additional discovery. Within twenty-one days, Petitioners shall present to the Court in the form of a brief all the evidence that they have gathered to date that supports their claims. After reviewing that evidence, the Court will decide whether additional discovery should be allowed or whether this matter has evolved into a fishing expedition with little plausibility that anything legitimate will be caught.[1]

IT IS SO ORDERED, this 29th day of October, 2026.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

[1] The Court understands a lawyer's urge to look through every haystack for the proverbial needle. But when that search places a significant burden on the opposing side, the Court should only authorize it if the current circumstances indicate a reasonable likelihood that such evidence may exist and that it would be relevant to a plausible claim. Simply responding that "we won't know what exists until we search the haystack" is not persuasive. There must be some evidence and circumstances that indicate the search won't be a continued waste of time.